**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **JODY DWAYNE JUSTICE** § | |
| § | |
| § | CIVIL NO. _____ |
| **VS.** § | |
| § | |
| **MACHINERY TRANSPORT, INC.** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I. JURISDICTION AND PARTIES**

1. Jurisdiction of this Court is invoked pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5(f)(3), have occurred or been complied with.

   (a) a charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

   (b) A Notification of Right to Sue was received from the EEOC on March 11, 2017.

   (c) This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

3. Plaintiff, Jody Dwayne Justice, is a citizen of the United States and the State of Texas who resides in Howe, Texas.

4. All the discriminatory employment practices alleged herein were committed within the State of Texas.

5. Defendant, Machinery Transport, Inc. ("Machinery Transport"), is a Texas corporation located in Henderson, Texas and may be served by delivering a copy of the Complaint to its

Registered Agent, Mack Pool, 3397 US Highway 259 S, Henderson, Texas 75654.

6. Machinery Transport is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. Machinery Transport is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42, U.S.C. § 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

8. Machinery Transport employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

## II. STATEMENT OF FACTS

9. Plaintiff was employed by Machinery Transport, Inc. as a truck driver. He began his employment on May 19, 2016.

10. On August 23, 2016, Plaintiff had just dropped off one load in New York state and was heading to pick up another load in New Jersey. Plaintiff had developed a massive headache/migraine that morning. At that point, Plaintiff contacted the dispatcher and asked if he could get a later load time because of the migraine. The dispatcher refused to grant Plaintiff a later load time as an accommodation for his migraine.

11. Plaintiff continued to drive to New Jersey until the pain was so bad that he could no longer safely drive his truck. As that time, Plaintiff called back in to dispatch and told them that he was being transported to a hospital via ambulance. After an undisclosed amount of time, an ambulance showed up to where Plaintiff had parked the truck on the side of the road.

12. Plaintiff was taken to a local hospital where he was told that he was having a stroke. Plaintiff was then transferred to another hospital that had a stroke center for a higher level of care. Once Plaintiff was at the other hospital, he was treated for the stroke, and moved to the ICU for observation. After a day in the ICU Plaintiff was moved to the step-down unit for

further observation.

13. Plaintiff spent one day in that unit and then was released from the hospital on August 25, 2016, and was cleared to drive with no restrictions. Plaintiff sent the release paperwork to Machinery Transport, Inc. via email. Plaintiff was cleared to drive with no restrictions from the doctors at the hospital in New York.

14. The next day, Plaintiff was told that he needed to find his own way home to Texas. After going back and forth with the company Machinery Transport, Inc. finally decided to provide Plaintiff a bus ticket back home to Texas. Plaintiff was informed while he was still in New York that he was going to be terminated, but was not given a reason why.

15. Plaintiff was terminated on August 30, 2016.

### III. CLAIMS FOR RELIEF

#### (A) Americans with Disabilities Act

13. From the time of Plaintiff's stroke, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, had a record of such an impairment, and was regarded by Machinery Transport as having such an impairment.

14. Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Plaintiff is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of his job at Machinery Transport.

15. Defendant terminated Plaintiff by reason of his actual or perceived disability.

16. Despite requests, Machinery Transport refused to make reasonable accommodation to Plaintiff.

17. Machinery Transport's failure to make reasonable accommodation to Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to terms, conditions, or privileges of employment. Machinery Transport's actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

18. Machinery Transport failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

19. Machinery Transport regarded Plaintiff as having a disability in denying him employment.

20. In failing to make reasonable accommodation to Plaintiff's physical disability, Machinery Transport acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

## IV. DAMAGES

21. As a direct and proximate result of Machinery Transport's discrimination on the basis of disability, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

22. Defendant's failure to make reasonable accommodation to Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

23. Plaintiff's harm was a result of the Defendant's actual malice or reckless indifference to Plaintiff's rights, thus Plaintiff seeks exemplary damages.

24. Plaintiff is entitled to recover his reasonable and necessary attorney's fees.

## V. RELIEF REQUESTED

Plaintiff requests the judgment of this Court against Defendant, Machinery Transport, Texas as follows:

(a) Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of his disability;

(b) Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been reinstated to his position;

(c) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(d) Award Plaintiff his attorney fees, including litigation expenses, and the cost of this action;

(e) Award Plaintiff exemplary damages; and,

(h) Grant such other and further relief as may be just and proper.

Respectfully submitted,

\_\_\_/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Fax

ATTORNEY FOR PLAINTIFF